# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 12, 2010

Charles R. Fulbruge III
Clerk

No. 09-50462
Conference Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee

v.

JOSE GUADALUPE MARTINEZ-ORTEGA, also known as Juan Carlos Sanchez-Avila,

                              Defendant-Appellant

Consolidated with
No. 09-50471

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee

v.

JOSE GUADALUPE MARTINEZ-ORTEGA, also known as Jose Urbin,

                              Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-748-1
USDC No. 3:08-CR-3511-1

No. 09-50462
c/w No. 09-50471

Before GARZA, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Guadalupe Martinez-Ortega (Martinez) appeals the sentence imposed following his guilty plea to illegal reentry. Martinez argues that the district court's within-guidelines sentence was substantively unreasonable because it was greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a). In support thereof, he contends that the illegal reentry Guideline is not empirically based because the defendant's criminal record is double-counted and that his personal history and characteristics, the nonviolent nature of his offense, and his revocation sentence warranted a sentence at the bottom of the guidelines range.

We review the substantive reasonableness of Martinez's sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable. *Rita v. United States*, 551 U.S. 338, 347 (2007).

Martinez's argument that his sentence is unreasonable because the illegal reentry Guideline is not empirically based was rejected by this court in *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). His argument that his personal history and characteristics entitled him to leniency is also unavailing. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant," *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008), and, citing Martinez's two prior illegal reentry convictions, the sentencing judge determined that the sentence imposed would promote Martinez's respect for the law. *See* § 3553(a)(2)(A).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

No. 09-50462
c/w No. 09-50471

Finally, Martinez's suggestion that his within-guidelines sentence was unreasonable because of the nonviolent nature of his illegal reentry offense and in light of his revocation sentence is also unavailing; his disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *Cf. United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

AFFIRMED.